IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBBIE PORTER,                              )
                                            )
                    Plaintiff,              )        Civil No. 04-1816-JO
                                            )
        v.                                  )        <u>OPINION AND ORDER</u>
                                            )
COMMISSIONER, SOCIAL SECURITY               )
ADMINISTRATION,                             )
                                            )
                    Defendant.              )

        Merrill Schneider
        SCHNEIDER LAW OFFICES
        14415 S.E. Stark
        P. O. Box 16310
        Portland, OR  97292

          Attorney for Plaintiff

        Neil J. Evans
        UNITED STATES ATTORNEY'S OFFICE
        1000 S.W. Third Avenue, Suite 600
        Portland, Or  97204-2902

Lucille G. Meis
David R. Johnson
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S 901
Seattle, WA 98104

JONES, Judge:

Plaintiff Debbie L. Porter seeks judicial review of a final decision of the Commissioner

of the Social Security Administration denying her application for disability insurance benefits

(DIB). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C.

§ 405(g). Following a careful review of the record, I conclude that the case must be remanded

for further proceedings under sentence four of 42 U.S.C. § 405(g).[1]

## ADMINISTRATIVE HISTORY

Porter protectively filed an application for DIB on August 27, 2001, alleging that she had

been disabled since June 15, 1998, due to osteoarthritis, severe vertebrogenic impairment, post-

laminectomy syndrome, low back pain radiating into both extremities, and depressive disorder.

(*See* Pl.'s Opening Br. (# 5) at 1-2.) After her application was denied initially and on

reconsideration, Porter requested a hearing before an Administrative Law Judge (ALJ).

---

[1] In Shalala v. Shaefer, the Supreme Court held that the fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the "exclusive methods" for remanding a case to the Commissioner. 509 U.S. 292, 296 (1993) (citing Melkonyan v. Sullivan, 501 U.S. 89, 99-100 (1991)); *see also* Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002) (citing Shaefer, 509 U.S. at 296). A "sentence four" remand is a final judgment on the merits, so that the district court relinquishes jurisdiction over the case. *See* Forney v. Apfel, 524 U.S. 266, 269 (1998) (citations omitted) (holding that judgment following a "sentence four" remand is final and appealable); *and see* Akopyan, 296 F.3d at 854 (citing Shaefer, 509 U.S. at 297).

The ALJ held a hearing on June 27, 2003, at which the ALJ heard testimony from Porter, who was represented by an attorney; a medical expert, Lawrence Duckler, M.D.; and a vocational expert, Robert A. Male, Ph.D. On August 26, 2003, the ALJ issued a decision denying Porter's application for benefits. This decision by the ALJ became the final decision of the Commissioner when the Appeals Council denied Porter's request for review. Porter challenges the ALJ's August 26, 2003 decision in the present action.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). This court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## DISABILITY ANALYSIS

The Commissioner engages in a five-step sequential inquiry to determine whether a person is disabled within the meaning of the Social Security Act (SSA). 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

Step One:  The Commissioner determines whether the claimant is engaged in substantial gainful activity.  20 C.F.R. § 416.920(b).  If so, the claimant is not disabled.  If not, the Commissioner proceeds to Step Two.

Step Two:  The Commissioner determines whether the claimant has a severe impairment.  20 C.F.R. § 416.920(c).  If so, the Commissioner proceeds to Step Three.  If not, the claimant is not disabled and the inquiry is finished.

Step Three:  The Commissioner determines whether the claimant's impairment meets or equals one of the impairments listed in the SSA regulations, 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *See also* 20 C.F.R. § 416.920(d).  If the claimant's impairment meets or equals one of the listed impairments, she is disabled.  If not, the Commissioner proceeds to Step Four.

Step Four:  The Commissioner determines whether the claimant is capable of performing her past relevant work.  20 C.F.R. § 416.920(e)-(f).  If so, the claimant is not disabled.  If not, the Commissioner proceeds to Step Five.

Step Five:  The Commissioner determines whether the claimant has the residual functional capacity to perform any other work.  20 C.F.R. § 416.920(g).  If the claimant is not able to perform other work, she is disabled.  The Commissioner has the burden of showing that a claimant can perform jobs that exist in significant numbers in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  The Commissioner may meet this burden with the testimony of a vocational expert (VE) or by reference to the Medical-Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2.  If the Commissioner demonstrates that there are a significant number of jobs that the claimant can perform, then the claimant is not disabled.  Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 416.920(g)(1).

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed the five-step inquiry to evaluate Porter's alleged disability. First, the ALJ determined that although Porter held a number of jobs after the onset date of her alleged disability, these jobs were unsuccessful work attempts due to their intermittent nature and short duration. Tr. 17.[2] Therefore, Porter was not engaged in substantial gainful activity.

Second, the ALJ found that, based on the objective medical record, Porter has a severe vertebrogenic impairment. Tr. 18. As to other alleged impairments, the ALJ found that there was no evidence of any cardiac impairments, and there was not enough objective medical evidence to support a finding that Porter has a severe mental impairment (depression). Tr. 18-19. The ALJ found that references to depression in the record were "brief, intermittent, and separated by extended periods with no such references," and therefore Porter's alleged depression did not meet the definition of severe. Tr. 19.

At the third step, the ALJ determined that the medical evidence showed that Porter's vertebrogenic impairment, although severe, was not severe enough to meet or equal any of the impairments listed in the SSA regulations. Id.; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1.

Fourth, the ALJ found that Porter retained the residual functional capacity for "sedentary exertional level physical activities compromised by exertional limitations." Tr. 23. The ALJ determined that Porter was limited to lifting 15 pounds occasionally and 10 pounds frequently; needed to have a sit/stand option; and could only occasionally climb, stoop, crawl, or crouch.

---

[2]Citations to the official transcript of record filed with the Commissioner's Answer (# 4) on April 15, 2005 are referred to throughout as "Tr."

Tr. 23.  In making these findings, the ALJ considered Porter's subjective pain testimony to be not entirely credible and contradictory to evidence in the record.  Tr. 20-22.

In determining whether Porter could return to her past relevant work as a nurse, the ALJ considered testimony by the VE that Porter may be capable of returning to her past work as a record nurse or clerk, both of which are classified as sedentary and skilled or semi-skilled jobs. Tr. 23.  However, the ALJ decided to give Porter the "benefit of the doubt," and, taking into account her testimony that she had preformed the work of a record nurse after the onset date of her alleged disability but had to leave the job due to her impairments, considered this an unsuccessful work attempt.  Tr. 23.  Therefore, the ALJ proceeded to the fifth step of the disability analysis.

At the fifth step, the ALJ made the determination, based on the testimony of the VE, that Porter would be able to transfer her nursing skills to sedentary jobs existing in large numbers. Tr. 24.  According to the testimony of the VE, appropriate jobs for someone in Porter's situation include ward clerk, receptionist, and information clerk.  Id.  The VE noted that there were "at least 2,000 such jobs in the local economy and 200,000 in the national economy."  Id. Consequently, the ALJ found that Porter was not disabled as defined by the SSA, and denied her application for benefits.  Tr. 26.

## DISCUSSION

Plaintiff Porter challenges the ALJ's findings on four grounds.  (*See* Pl.'s Opening Br. (# 5) at 10-19.)  First, Porter asserts that the ALJ erred by failing to properly consider her subjective pain testimony.  Second, Porter claims that the ALJ erred by rejecting the opinions of two treating physicians:  Dr. Jock Pribnow, a physician who treated Porter between January 1998

and April 1998, and Dr. Judith A. Lindsey, Porter's primary care physician. Third, Porter argues that the ALJ erred in finding that Porter's depression was not severe. Finally, Porter claims the ALJ erred by posing an incomplete hypothetical to the VE. Specifically, Porter contends that the ALJ should have included Porter's subjective testimony regarding her limitations, including her limited ability to sit/stand and her depression, in the hypothetical.

1.      **The ALJ's Rejection of Porter's Pain Testimony**

Plaintiff asserts that the ALJ erred by failing to give clear and convincing reasons for determining that Porter's testimony was not entirely credible and therefore rejecting her subjective complaints of pain. When considering subjective pain testimony, the Ninth Circuit begins with the Cotton test. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996) (citing Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)); *see also* Bunnell v. Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc) (reaffirming Cotton). The Cotton test requires that the claimant produce "objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Smolen, 80 F.3d at 1281 (citations omitted).

In this case, Porter produced objective medical evidence of an impairment. In 1997, she fell and injured her back, a painful injury which required corrective surgery. Furthermore, medical evidence in the record indicates that this impairment "could reasonably be expected to produce some degree of symptom." *See* id. at 1282. Once the requirements of the Cotton test are met, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." Id. at 1281.

"If the ALJ finds that the claimant's testimony as to the severity of [the claimant's] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). In making this determination, the ALJ may consider "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [claimant's] testimony and [claimant's] conduct, [claimant's] daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Light v. Social Security Admin., 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ has a duty to make credibility determinations. "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas, 278 F.3d at 959. When the evidence supports more than one rational interpretation, the reviewing court should defer to the decision of the ALJ. Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

The ALJ gave several reasons supporting his rejection of Porter's subjective pain testimony. *See* Tr. 20-23. First, the ALJ decided that the objective record supplies very little support for Porter's complaints, and noted multiple conflicts in the record as to the degree and severity of her limitations. Tr. 20. For example, an evaluation as to her abilities was done after the corrective surgery and established that, while Porter does have some limitations, she is nevertheless capable of working eight hours per day. Her treating physician, Dr. Jock Pribnow, concurred with this evaluation. Tr. 188.

Further, the ALJ noted that during some of the time when Porter complained of debilitating pain, she continued working at various jobs through a vocational rehabilitation program.  Tr. 21.  The ALJ found that Porter's work history during this time indicated that her "functional level was not a bar to employment," and her "functional capacity [appeared to be] much higher than she has described elsewhere."  Tr. 22.  The ALJ also found that Porter was not completely cooperative with the program, turning down potential jobs because she did not want to work on weekends.  Tr. 21.  Finally, the ALJ noted that despite claims of intense pain, Porter did not use the pain medications prescribed for her.  Tr. 23.

At the hearing, the ALJ asked a medical expert, Dr. Lawrence Duckler, to give an opinion, based on the record, as to whether Porter had a medical impairment.  Tr. 417.  Dr. Duckler testified that Porter had a back injury that was addressed with surgery, that she probably continued to experience pain, that the pain appeared to be fairly controlled, that she showed no objective signs of continued impairment, and that Porter does not, therefore, meet the disability requirements.  Tr. 420.

As discussed above, the ALJ has the responsibility for making credibility determinations. Here, the ALJ gave specific reasons and examples to support his finding that Porter's pain testimony was not entirely credible.  Tr. 20-23.  Based on my review of the record, I conclude that the ALJ gave sufficient reasons for discounting Porter's subjective pain testimony. Therefore, I find that the ALJ's determination was based on substantial evidence and was free from legal error.

**2.**     **<u>The ALJ's Rejection of Porter's Treating Doctors' Opinion</u>**s

Plaintiff also asserts that the ALJ erred by rejecting the opinions of two treating physicians, Dr. Jock Pribnow and Dr. Judith Lindsey.  In general, opinions of treating doctors are given greater weight than the opinions of examining doctors.  <u>Lester</u>, 81 F.3d at 830.  If the opinion of a treating doctor is not contradicted in the record, the ALJ may only reject the opinion for clear and convincing reasons.  <u>Id.</u>  Even if the opinion is contradicted in the record, the ALJ must still give "specific and legitimate reasons" that are supported by substantial evidence in the record.  <u>Id.</u>

Plaintiff contends that the ALJ erred by failing to take into account limitations described by Dr. Jock Pribnow in a report dated April 27, 1998; particularly that Porter would need to take frequent breaks to move around.  (Pl.'s Opening Br. at 14); Tr. 188.  However, the ALJ did specifically consider this report, noting that Dr. Pribnow concurred with the assessment of Physical Capacities Evaluation that Porter could work eight hours per day.  Tr. 21, 188. Furthermore, the ALJ did account for the limitation described by Dr. Pribnow when he included a sit/stand option in his residual functional capacity (RFC) finding.  Tr. 23.

Plaintiff also alleges that the ALJ improperly dismissed the opinions of Dr. Judith Lindsey, Porter's primary care physician.  (Pl.'s Opening Br. at 14-15.)  The Commissioner argues that the ALJ properly rejected this testimony because Dr. Lindsey merely checked a "yes" box indicating that a letter drafted by plaintiff's attorney was Dr. Lindsey's opinion.  (*See* Def.'s Br. at 11); Tr. 382.

However, this is not the only evidence in the record of Dr. Lindsey's opinion.  Dr. Lindsey was Porter's primary care physician and treated her for a period of at least several years.

The record contains longitudinal reports by Dr. Lindsey, documenting continued struggles with depression and chronic pain. *See, e.g.*, Tr. 214, 216, 218, 219.

The ALJ rejected this testimony, claiming that it was "not a valid diagnosis and does not provide objective information in support." Tr. 19. This is not a sufficient reason for rejecting the opinions of Dr. Lindsey. Primary care physicians are not only qualified to diagnose and treat depression, but this is becoming a more frequent practice as more is known about the prevalence of depression in our society. The ALJ did not properly consider the longitudinal reports by Dr. Lindsey, and he did not give sufficient or legitimate reasons for rejecting her opinions. Therefore, this case must be remanded for proper consideration of the opinions of Porter's primary care physician, particularly with respect to Dr. Lindsey's reports of Porter's depression and chronic pain.

The decision whether to remand for further proceedings or to award benefits is within the court's discretion. *See* Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987); *see also* Ramirez v. Shalala, 8 F.3d 1449, 1455 (9th Cir. 1993). The Ninth Circuit has articulated standards by which this court is to decide whether to remand for further proceedings or simply for an award of benefits. A case should be remanded for an award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d at 1292; *see also* Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000).

In this case, a remand for an award of benefits is inappropriate because there are still outstanding issues with regard to Porter's alleged depression that must be resolved. The reports by Dr. Lindsey indicate Porter struggled with depression, which may have exacerbated her back

pain.  *See* Tr. 382.  However, even if these reports were fully credited, it is still not clear from the record whether the claimant is disabled.

With respect to the remaining issues, Porter claims that the ALJ erred in finding that her depression was not severe.  Because I find that a remand is necessary to further develop the record regarding Porter's alleged depression and potentially associated complaints of chronic pain, the ALJ's finding that Porter's depression was not severe needs to be reconsidered in light of Dr. Lindsey's reports and opinions.

Finally, plaintiff contends that the ALJ did not submit a complete hypothetical to the vocational expert.  Specifically, plaintiff claims that the ALJ did not include a limitation on sitting and standing during an eight hour work day, and did not address Porter's depression and fatigue.  (Pl.'s Opening Br. at 18.)  Generally, the hypothetical posed to the VE must include all of a claimant's limitations.  Light, 119 F.3d at 793 (quoting Andrews v. Shalala, 53 F.3d 1035, 1044 (9th Cir. 1995)).  The ALJ himself noted that "all medically determinable impairments must be considered."  Tr. 18; 20 C.F.R. § 404.1523.

As discussed above, the ALJ did properly take into account the opinion of Dr. Pribnow and properly included a sit/stand option in RFC finding.  However, with respect to Porter's alleged depression, the ALJ must reevaluate Porter's residual functional capacity in light of Dr. Lindsey's longitudinal reports.  Because the ALJ did not elicit testimony from the vocational expert regarding this issue, if the ALJ subsequently modifies the RFC to include limitations in his hypothetical for fatigue and depression, then the ALJ must hear supplemental testimony from the vocational expert.

Thus, I conclude that a remand for an immediate award of benefits is not appropriate because outstanding issues remain to be resolved and it is not clear from the record that the ALJ would be required to find that plaintiff is disabled.  Consequently, in the exercise of my discretion, I remand this action to the Commissioner for further proceedings.  *See* 42 U.S.C. § 405(g) (sentence four).

## CONCLUSION

For the foregoing reasons, and based on my review of the record, the Commissioner's decision denying Porter disability insurance benefits is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this opinion.

DATED this 12th day of January, 2006.


/s/ Robert E. Jones_____
ROBERT E. JONES
U.S. District Judge